IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CLEMMIE LEE COVINGTON, )
)
    Petitioner, )
)
v. )   1:03CV00719
)
THEODIS BECK, Secretary of the )
Department of Correction, et al., )
)
    Respondent. )

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Clemmie Lee Covington, a prisoner of the State of North Carolina, on May 17, 2001, in the Superior Court of Richmond County, was convicted after trial by jury of possession of drug paraphernalia and felony possession of cocaine. He then pled guilty to having achieved the status of habitual felon and was sentenced to 120 days imprisonment for the drug paraphernalia charge and 116-149 months for the possession of cocaine charge. The North Carolina Court of Appeals found no error on appeal. *See State v. Covington*, No. COA02-131, 2002 WL 1797084 (N.C. App. Aug. 6, 2002). Petitioner filed a petition for discretionary review in the Supreme Court of North Carolina, but the petition was denied on August 21, 2003. Petitioner was represented at trial by court-appointed counsel, Benny S. Sharpe, on appeal by appellate defender, Anne M. Gomez, and by Attorney Henry T. Drake before the Supreme Court of North Carolina.

Petitioner Covington, by and through Attorney Drake, filed the pending federal habeas corpus petition in this Court on July 16, 2003. The State has answered and moved for summary judgment.

## Claims of Petition

Petitioner Covington contends that his convictions were obtained in violation of his constitutional right to counsel of his own choice due to the trial court's refusal to continue his trial in violation of equal protection and due process.[1]

## Statement of Facts

The North Carolina Court of Appeals summarized the facts underlying Petitioner's claim as follows:

> Defendant was arrested upon warrants dated 10 April 2000 charging him with possession with intent to sell and deliver cocaine and possession of drug paraphernalia. He appeared in district court on 18 May 2000, was determined to be indigent, and John D. Sullivan was appointed to represent him. On 24 July 2000, defendant was indicted for possession with intent to manufacture, sell and deliver cocaine, possession of drug paraphernalia, and being a habitual felon. Sullivan subsequently withdrew because of a conflict

---

[1] Petitioner has filed two "addendums" seeking to add claims to his petition, but leave to amend is **DENIED** since the proffered additional claims are legally futile. He first seeks to add a claim based upon the decision of the North Carolina Court of Appeals in *State v. Jones*, 161 N.C. App. 60 (2003). However, that decision was overruled by the Supreme Court of North Carolina and therefore cannot serve as a basis for any claim in this court. *See State v. Jones*, 358 N.C. 473, 598 S.E.2d 125 (2004). Petitioner also seeks to add a claim based on *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004). But *Blakely* was decided long after Petitioner's conviction became final, and has no retroactive application in habeas corpus adjudication. *See generally Lilly v. United States*, 342 F. Supp. 2d 532 (W.D.Va. 2004).

Case 1:03-cv-00719-WLO   Document 16   Filed 02/28/05   Page 2 of 10

of interest and on 21 February 2001, the trial court appointed Benny Sharpe (Sharpe) to represent defendant.

Defendant's case was set for trial at the 14 May 2001 criminal session. On 9 May 2001, Henry T. Drake filed a notice of representation as defendant's counsel and a motion to continue. In his motion, Drake informed the trial court that he had been granted secured leave starting 12 May 2001 and asked that defendant's case be continued until after the 13 June 2001 session of court. At a pre-trial hearing held on 15 May 2001, Sharpe informed the court that defendant had hired Henry Drake to try his case and moved to continue defendant's case so that defendant might "have counsel of his choice." The assistant district attorney informed the court that Sharpe had been appointed to represent defendant on the 22nd of February, that a second hearing was held in April with Sharpe, and that he had spoken with Sharpe "a couple of times," but defendant "still didn't want to plead." Sharpe informed the court that "in the beginning [defendant] was trying to hire Mr. Drake. And he had not paid him early on. I didn't think he had paid him, until I was notified about a week ago."

After hearing further arguments and reviewing the case file, the trial court found: (1) the offenses occurred in April of 2000; (2) a bond forfeiture was entered because defendant failed to appear; (3) defendant hired Mr. Drake when the matter went on the trial calendar for the week of 14 May 2001; and (4) Mr. Drake has indicated to the court that he will not be available for court until 13 June 2001. Based upon the findings, the trial court concluded:

> defendant is manipulating the court system by playing games with the Court. He has had ample time to hire his own attorney. He made false statements with regard to his indigency status. He's had two court appointed lawyers.
>
> Mr. Sharpe was appointed in February, and has been representing him up until this week when the court trial calendar came out. And he at that point sought Mr. Drake's services, who will not be available until after June the 12th.
>
> The Court finds that this interferes with the lawful administrative process of the court. Mr. Sharpe is fully competent and capable of representing this defendant. The defendant has expressed no reservations about Mr. Sharpe's

-3-

services. He's just simply using the tactic of hiring an attorney at the last moment after going on the trial calendar, who is not available for a month, to delay the trial of this matter.

The trial court denied the motion to continue and advised Benny Sharpe "you'll represent him, and we'll proceed." The following day, defendant appeared for trial with Sharpe as his attorney. At defendant's trial, Sharpe moved to suppress physical evidence seized by police, made opening and closing statements, cross-examined witnesses, and made objections.

A jury found defendant not guilty of possession with intent to sell and deliver cocaine but guilty of possession of cocaine and possession of drug paraphernalia. Defendant then pled guilty to being a habitual felon. Upon the court's inquiry as to the voluntariness of defendant's plea to being a habitual felon, defendant indicated that he was satisfied with defense counsel Sharpe's legal services.

*Covington*, 2002 WL 1797084, at *1-2.

## Discussion

Petitioner Covington's petition for federal habeas relief is governed by the deferential standard of review set forth in 28 U.S.C. § 2254(d), part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Court may issue the writ only if the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court

-4-

decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. *Id.* at 409-10. As for questions of fact, state court findings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

On direct appeal, the North Carolina Court of Appeals denied Petitioner's claim on its merits as follows:

> Defendant contends the trial court erred by denying his motion to continue. He argues that the trial court's actions violated his constitutionally guaranteed right to counsel. We disagree.
>
> The right to counsel, which is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I of the North Carolina Constitution, includes the right of an indigent defendant to appointed counsel. *State v. McFadden*, 292 N.C. 609, 234 S.E.2d 742 (1977); *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *see also* N.C.G.S. §§ 7A-450 (2001). A defendant who retains private counsel has a Sixth Amendment right to counsel of his choosing. *McFadden*, 292 N.C. 609, 234 S.E.2d 742. Furthermore, a defendant must be granted a reasonable time in which to obtain counsel of his own choosing, and must be granted a continuance to obtain counsel of his choosing where, through no fault of his own, he is without counsel. *Id.* at 615-16, 234 S.E.2d at 746-47.
>
> The right to choose one's counsel, however, is not absolute. *McFadden*, 292 N.C. at 612, 234 S.E.2d at 745. Where a defendant is appointed counsel, he may not demand counsel of his choice. *State v. Anderson*, 350 N.C. 152, 513 S.E.2d 296, *cert. denied*, 528 U.S. 973, 120 S. Ct. 417, 145 L. Ed. 2d 326 (1999). More importantly, "an accused may lose his constitutional right to be represented by counsel of his choice when he perverts that right to a weapon

-5-

for the purpose of obstructing and delaying his trial." *McFadden*, 292 N.C. at 616, 234 S.E.2d at 747.

Ordinarily, a motion to continue is addressed to the discretion of the trial court, and absent a gross abuse of that discretion, the trial court's ruling is not subject to review. When a motion to continue raises a constitutional issue, the trial court's ruling is fully reviewable upon appeal. Even if the motion raises a constitutional issue, a denial of a motion to continue is grounds for a new trial only when defendant shows both that the denial was erroneous and that he suffered prejudice as a result of the error. *State v. Taylor*, 354 N.C. 28, 33-34, 550 S.E.2d 141, 146 (2001).

In *State v. Montgomery*, 33 N.C. App. 693, 236 S.E.2d 390 (1977) the defendant employed local counsel of his choice before trial, who had fully prepared the case for trial. When defendant's case was called for trial, however, defendant appeared and requested to discharge local counsel and employ another attorney. The trial court explained to defendant that he could elect to proceed to trial with his present counsel or to proceed to trial without counsel. This Court reasoned that the defendant's "attempt to change counsel when the case was called for trial, which would have resulted in the disruption and obstruction of orderly procedure in the court, must be charged to the defendant," *id.* at 697, 236 S.E.2d at 392, and held the trial court properly denied defendant's motion to continue to obtain other counsel.

Here, defendant was afforded ample opportunity during the thirteen months after he was indicted to obtain counsel. Further, defendant was twice appointed counsel as an indigent. The record does not reveal why defendant waited until the week before the date of his trial to employ counsel. Defendant does not show why or how his case could have been better prepared had the continuance been granted, nor does defendant show that he was prejudiced by the denial of his motion to continue. Sharpe had been appointed to represent defendant more than three months before defendant's trial and had every reason to be familiar with the case. Sharpe effectively argued defendant's motion to suppress and the record indicates that the case was well tried. We note that after defendant pled guilty to attaining the status of habitual felon, defendant stated that he was satisfied with Sharpe's legal services. We fail to perceive that the trial court erred or deprived defendant of his constitutional right to be represented by competent counsel at his trial.

*Covington*, 2002 WL 1797084, at *2-3.

-6-

Case 1:03-cv-00719-WLO   Document 16   Filed 02/28/05   Page 6 of 10

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend VI. "A defendant's right to have a lawyer of his or her own choosing is an essential element of the Sixth Amendment right to assistance of counsel." *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). *See also Powell v. Alabama*, 287 U.S. 45, 53 (1932) ("[A] defendant should be afforded a fair opportunity to secure counsel of his own choice."); *Flanagan v. United States*, 465 U.S. 259, 267-68 (1984) (The right to counsel of choice "reflects constitutional protection of the defendant's free choice independent of concern for the objective fairness of the proceeding."). The right to counsel of choice, however, is not absolute; "[s]uch right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988).

Trial courts have broad discretion in deciding whether to grant or deny a motion for a continuance. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983); *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Trial courts are entitled to take into account the countervailing state interest in proceeding on schedule. *Morris*, 461 U.S. at 13; *Gallop*, 838 F.2d at 108. Petitioner must satisfy two elements in order to obtain relief on the claim that the trial court unconstitutionally denied his motion for a continuance. First, Petitioner must establish that the trial court abused its discretion in denying the motion. *Hill v. Ozmint*, 339 F.3d 187, 196

(4th Cir. 2003). Second, to be entitled to relief, he must also establish that the trial court's erroneous ruling was prejudicial. *Id.* at 196-97.

Petitioner has shown nothing to demonstrate an abuse of discretion by the trial judge and makes no showing of prejudice from the denial of his motion for a continuance. Rather, he contends that both abuse of discretion and prejudice are presumed because he was denied his constitutional right to counsel of choice, thereby requiring automatic reversal without a showing of prejudice. The United States Supreme Court, however, has not ruled on the issue of whether a denial of counsel of choice is *per se* reversible error or whether it is subject to a prejudice analysis. While the Court intimated in dicta in *Flanagan v. United States* that a showing of prejudice may not be a condition precedent to appellate relief when a defendant has been denied the right to counsel of choice, it has never held as such. 465 U.S. at 267-68; *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 438 (1985) ("This Court has never held that prejudice is a prerequisite to reversal of a judgment following erroneous disqualification of counsel.... As in *Flanagan*, we need not today decide this question.").

The circuit courts are split on the issue, with the majority finding that denial of counsel of choice constitutes *per se* reversible error. *See Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1478 (9th Cir. 1994) ("[H]armless error analysis does not apply when a defendant has been denied the right to substitute counsel."); *United States v. Mendoza-Salgado*, 964 F.2d 993, 1015 (10th Cir. 1992) ("A conviction attained when a court 'unreasonably or arbitrarily interferes with an accused['s] right to retain counsel of choice

Case 1:03-cv-00719-WLO  Document 16  Filed 02/28/05  Page 8 of 10

. . . cannot stand irrespective of whether the defendant has been prejudiced."); *Fuller v. Diesslin*, 868 F.2d 604, 608 (3d Cir. 1989) ("[A] trial court's arbitrary denial of defendant's request for her counsel of choice requires *per se* reversal."); *United States v. Panzardi Alvarez*, 816 F.2d 813, 818 (1st Cir. 1987) ("The right to choose one's counsel is an end in itself; its deprivation cannot be harmless."); *United States v. Burton*, 584 F.2d 485, 491 n.19 (D.C. Cir. 1978) ("[H]armless error tests do not apply" in the right to counsel of choice context.). *But see United States v. Arena*, 180 F.3d 380, 397 (2d Cir. 1999) ("The denial of a defendant's request for a continuance [to discharge counsel] will not be reversed absent a showing both of arbitrariness and of prejudice to the defendant."); *United States v. Turk*, 870 F.2d 1304, 1307-08 (7th Cir. 1989) (Proof of prejudice is required when a defendant claims denial of right to counsel of choice.). There are also intra-circuit splits on this issue. *Compare Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985) ("Evidence of unreasonable or arbitrary interference with an accused's right to counsel of choice ordinarily mandates reversal without a showing of prejudice."), *with Tolliver v. Dallman*, No. 94-3491, 1995 WL 364176, at *3-4 (6th Cir. June 16, 1995) (A showing of prejudice is required before appellate relief is granted in right to counsel of choice context.).

When, as here, an issue has not been resolved by the United States Supreme Court, there is no binding federal constitutional precedent that the state courts must follow. *See Vick v. Williams*, 233 F.3d 213, 222-23 (4th Cir. 2000) (denying federal habeas relief on an issue unresolved by the Supreme Court despite Fourth Circuit precedent contrary to the state

Case 1:03-cv-00719-WLO Document 16 Filed 02/28/05 Page 9 of 10

court's ruling). Federal habeas relief must, therefore, be denied to Petitioner Covington under 28 U.S.C. § 2254(d). The state court's decision affirming the trial court's denial of Petitioner's motion for a continuance was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Additionally, Petitioner has done nothing to show that, factually, the state court findings of (1) manipulation by Petitioner for the purpose of delaying trial or (2) a lack of prejudice to Petitioner from denial of a continuance, were incorrect. These findings are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1).

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Respondent's motion for summary judgment [Pleading No. 8] be granted, and that this action be dismissed with prejudice.

_____
P. Trevor Sharp, U.S. Magistrate Judge

February 28, 2005